State of Wisconsin, Plaintiff-Respondent,

v.

James L. Wright, Defendant-Appellant.

Supreme Court

*No. 02–3348–CR. Oral argument April 8, 2004.—Decided July 9, 2004.*

2004 WI 109

(Also reported in 682 N.W.2d 446.)

For the defendant-appellant there were briefs and oral argument by *Charles Bennett Vetzner,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. PER CURIAM.   This case is before the court on certification by the court of appeals, pursuant to Wis. Stat. § (Rule) 809.61 (2001–02).[1] The court of appeals certified the following questions for our review:

> (1) Does a defendant who enters a plea of no contest based upon a negotiated plea agreement waive the right to challenge the legality of the trial court's acceptance of the no contest plea?

> (2) Can a judgment of conviction be amended postconviction to reflect a conviction of a lesser crime (possession of 2.9 grams of cocaine with intent to distribute contrary to Wis. Stat. § 961.41(1m)(cm)1 (1997–98)) when a factual basis for a greater crime (possession of 5.5 grams with intent to distribute in violation of § 961.41(1m)(cm)2) was alleged in the un-amended original information and used as a factual basis for accepting a no contest plea entered pursuant to a plea agreement?

---

[1] All statutory references are to the 2001–02 edition of the Wisconsin Statutes.

¶ 2. After examination of the record and the briefs of the parties, and after hearing oral argument, we conclude that the certification was improvidently granted.

¶ 3. We accepted the court of appeals certified question primarily to address the waiver issue. The State, however, does not believe that issue is presented by this case. The State writes in its brief:

> [T]he fundamental predicate to any waiver argument . . . would be that Wright entered a plea of no contest to possession of more than five grams of cocaine with intent to deliver.

> . . . .

> [T]he state does not believe that it can argue in good faith that Wright entered his plea of no contest to the offense of possession of more than five grams of cocaine with intent to deliver. The record . . . is simply too ambiguous with respect to the offense to which Wright entered his plea.

¶ 4. The issue that the court sought to resolve in this case is not contested. When this occurs, the contrast in views that is the hallmark of an adversarial process is dulled, making it difficult to render circumspect opinions. *See Baker v. Carr,* 369 U.S. 186, 204 (1962) (noting the "concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions"). We are reluctant to decide cases in the absence of contrast between the parties. Accordingly, we conclude that review in this case was improvidently granted, and we vacate the order granting certification.

*By the Court.*—The order granting certification is vacated and the cause is remanded to the court of appeals.

All work on this opinion was completed on or before June 30, 2004. Justice Diane S. Sykes resigned on July 4, 2004.